Mildred June **STEVENSON**

v.

**PANHANDLE EASTERN PIPE LINE COMPANY.**

Civ. A. No. H–86–4688.

United States District Court, S.D. Texas, Houston Division.

Oct. 9, 1987.

L. Chapman Smith, Baker & Botts, Houston, Tex., for defendant.

John E. Sherman, P.C., Houston, Tex., for plaintiff.

## MEMORANDUM AND ORDER

DEANDA, District Judge.

Plaintiff Mildred June Stevenson instituted this lawsuit against Defendant Panhandle Eastern Pipe Line Company claiming that her federal Constitutional due process and privacy rights, as well as her rights against self-incrimination and unreasonable searches under the Fourth Amendment were violated by Defendant's initiation of a drug testing program. Defendant placed Plaintiff on indefinite leave when she notified Defendant of her refusal to subject herself to urinalysis testing.

On February 13, 1987, Defendant moved for summary judgment on Plaintiff's complaint. On June 10, 1987, the Court granted Plaintiff's motion for a 20–day extension to either respond to Defendant's motion or file a first amended complaint. Plaintiff then moved to file a first amended complaint, adding the same causes of action but under the Texas Constitution as well as the United States Constitution. Defendant, on June 29, 1987, answered the first amended complaint; additionally, the Defendant moved for summary judgment on the first amended complaint on July 24, 1987. On July 27, 1987, the Court mistakenly denied Plaintiff leave to file a first amended complaint for failure to include a certificate of opposition, overlooking the fact that the Court had granted Plaintiff leave to amend on June 10, 1987, and that Defendant had already answered Plaintiff's first amended complaint.

On September 28, 1987, Plaintiff again moved to file a first amended complaint. Plaintiff already had a first amended complaint on file, to which Defendant had responded. This additional first amended complaint contains the same allegations as the first amended complaint on file. There is a vague allegation that "Plaintiff's common law rights notwithstanding any statutory rights have been breached by Defendant's refusal to pay Plaintiff for two (2) months earned salary." This statement fails to state any additional claim and can only be interpreted as explaining the source of Plaintiff's monetary damages.

On September 14, 1987, Plaintiff moved to dismiss her complaint. Defendant, however, opposed Plaintiff's motion, seeking dismissal with prejudice. Under F.R.Civ.Pro. 41(a)(1)(i), a plaintiff can voluntarily dismiss without court order only if no responsive pleading or summary judgment motion has been filed. Because Defendant opposed Plaintiff's dismissal without prejudice, the Court finds Plaintiff's motion should be denied and the Court should rule on the pending summary judgment motions.

As Defendant's motions for summary judgment point out, it is well settled that private action is not subject to the restrictions of the United States and Texas Constitutions. *See, e.g., Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974); *Gerena v. Puerto Rico Legal Serv. Inc.*, 697 F.2d 447 (1st Cir.1983). Plaintiff's complaint and response to Defendants' motions fail to raise any question of material fact on the state action issue. Plaintiff fails completely to raise any issue over the State of Texas' involvement in Defendant's testing program. Plaintiff's argument that the Federal Government's involvement through its implicit approval of drug testing, and by implementing its own testing program, meets the requisite level of state action is ludicrous. *See Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). Thus, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law.

For the above reasons, the Court ORDERS Plaintiff's motion for leave to file a first amended complaint is MOOT. The Court further

ORDERS Plaintiff's motion to dismiss is DENIED. The Court further

ORDERS Defendant's motions for summary judgment are GRANTED.